STEPHEN J. WINDHORST, Judge.
| ^Appellants, Kathy Maestri and Kurt C. Burgenthal, individually, and on behalf of the estate of their deceased mother, Dorothy Lucille Reynolds, appeal the trial court’s September 4, 2014 judgment sustaining the exception of prescription filed by Cheríe Pazos, N.P., appellee. For the reasons which follow, we affirm.
Facts and Procedural History
On August 3, 2012, Dorothy Reynolds was admitted to Oceans Behavioral Hospital of Greater New Orleans (“Oceans”), a geriatric psychiatric hospital. Mrs. Reynolds’ admission history and physical were performed by appellee under the supervision of Dr. Parimal Parikh.[1] At the time of her admission, Mrs. Reynolds did not have any decubitus ulcers (bed sores).
Appellants’ petition alleged that on August 9, 2012, appellee noted Mrs. Reynolds had “sacral redness” and ordered Bou-dreaux’s butt paste to be applied. ^Appellants also alleged that appellee noted Mrs. Reynolds’ skin problems were worsening and altered the topical regimen; however, she did not notify Mrs. Reynolds’ treating physician or family. The petition further alleged that appellee failed to order pressure reduction measures and chose not to order that Mrs. Reynolds be turned at least every two hours.
Mrs. Reynolds’ decubitus ulcer continued to deteriorate, and she was transferred to East Jefferson General Hospital for treatment on August 15, 2012. The petition further alleged that Mrs. Reynolds’ decubitus ulcer worsened, and was a substantial factor in her death on October 24, 2012.
On October 16, 2013, appellants filed a complaint with the Louisiana Patients Compensation Fund (PCF) which claimed that Mrs. Reynolds’ injuries and death were caused by the joint negligence of Oceans, Dr. Parikh, and appellee. On October 30, 2013, the PCF sent a letter to appellants’ counsel notifying appellants that Oceans and Dr. Parikh were qualified health care providers, but appellee was not a qualified health care provider, thus she was not covered under the Louisiana Medical Malpractice Act (LMMA). Appellants received the notice on October 31, 2013.
On February 20, 2014, appellants filed a wrongful death and survival action against appellee in the Twenty-Fourth Judicial District Court, Jefferson Parish. Appellants contended that Mrs. Reynolds’ decu-bitus ulcer was preventable and should not have occurred while she was a patient at Oceans. Appellants also claimed that ap-pellee deviated from the applicable medical standards and her breach was a substantial factor in Mrs. Reynolds’ prolonged infection, pain and suffering, sepsis, and death. Appellants further claimed that their claim was timely filed with the PCF on “October 15, 2013,” and they were notified on “December 23, 2013,” that appellee was not a qualified health care provider.
|40n July 28, 2014, appellee filed an exception of prescription contending that appellants’ petition was untimely because it was filed more than 90 days after the notification letter from the PCF stating that appellee was not a qualified health care provider.
*371 On August 22, 2014, appellants filed a motion and order for leave to file their First Supplemental and Amending Petition for Damages which was granted by the trial court. The First Supplemental and Amending Petition alleged that appellants filed a timely claim with the PCF on October 16, 2013. It also claimed that the PCF complaint previously named appellee, Oceans, and Dr. Parikh. The First Supplemental and Amending Petition also státed that appellee was the only non-covered health care provider, whereas the other joint tortfeasors, Oceans and Dr. Parikh, were deemed to be covered providers. The First Supplemental and Amending Petition further stated that, because Oceans and Dr. Parikh are joint tortfea-sors with appellee and are covered under the LMMA, appellants’ claim against ap-pellee is timely pursuant to the second sentence of La. R.S. 40:1299.47 A(2)(a).
Appellants filed an opposition to appel-lee’s exception of prescription arguing that the filing of the claim with the PCF suspended the accrual of the prescriptive period against all joint tortfeasors. La. R.S. 40:1299.47 A(2)(a).[2] Appellants claimed that, because the medical review panel is still pending as to qualified health care providers, Oceans and Dr. Parikh, the claim is also suspended, under the second sentence of La. R.S. 40:1299.47 A(2)(a), against appellee, a nonqualified health care provider who is a joint tortfeasor.
|fiOn September 4, 2014, the trial court granted appellee’s exception of prescription. This appeal followed.
Discussion
Appellants contend that the trial court erred, as a matter of law, in granting appellee’s exception of prescription and dismissing appellants’ claims with prejudice. Alternatively, appellants contend that they should be allowed to amend their petition for damages to allege facts demonstrating their claims against appellee are not prescribed.
The burden of proving prescription ordinarily lies with the party raising the exception, but when prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show that the action has not prescribed. In re Noe, 05-2275 (La.5/22/07), 958 So.2d 617, 621-622. Evidence may be introduced to support or controvert an exception of prescription Id. at 622; La. C.C.P. art. 981.
Prescription in this medical malpractice case is governed by La. R.S. 9:5628 A and provides, in part:
A. No action for damages for injury or death against any physician, chiropractor, nurse, licensed midwife practitioner, dentist, psychologist, optometrist, hospital or nursing home duly licensed under the laws of this state, or community blood center or tissue bank as defined in R.S. 40:1299.41(A), whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect: however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.
Further, La. R.S. 40:1299.47 A(2)(a) provides, in pertinent part:
*372 (a) The filing of the request for a review of a claim shall suspend the time within which suit must be instituted, in accordance with this Part, until ninety days following notification, by certified mail, as provided in Subsection J of this Section, to the claimant or his |fiattorney of the issuance of the opinion by the medical review panel, in the case of those health care providers covered by this Part, or in the case of a health care provider against whom a claim has been filed under the provisions of this Part, but who has not qualified under this Part, until ninety days following notification by certified mail to the claimant or his attorney by the board that the health care provider is not covered by this Part. The filing of a request for review of a claim shall suspend the running of prescription against all joint and solidary obligors, and all joint tort-feasors, including but not limited to health care providers, both qualified and not qualified, to the same extent that prescription is suspended against the party or parties that are the subject of the request for review. (Emphasis added.)
Mrs. Reynolds passed away on October 24, 2012, and the PCF complaint was filed on October 16, 2013. The filing of the complaint suspended the accrual of the original prescriptive period which had, at the time of filing, eight days remaining. La. R.S. 40:1299.47 A(2)(a).
On October 30, 2013, the PCF sent notification to appellants through their counsel that Dr. Parikh and Oceans were qualified health care providers under the MMA, but appellee was not a qualified health care provider. Appellants received this notification on October 31, 2013.
Appellants had 90 days after they received notification that appellee was not covered (January 29, 2014), plus the remaining eight (8) days, or until February 6, 2014, to file their petition against appel-lee. The appellants’ petition, filed on February 20, 2014, was filed beyond the 90 day period of suspension provided for by La. R.S. 40:1299.47 A(2)(a), and is therefore untimely.
The appellants do not dispute that their petition was filed beyond the 90 day period of suspension. Appellants, however, contend that appellee is a joint tortfea-sor with Dr. Parikh and Oceans as alleged in the PCF complaint. Therefore, prescription continues to remain suspended by the timely filing of the PCF complaint against Dr. Parikh and Oceans and all joint tortfeasors, including appellee, pursuant to the second sentence of La. R.S. 40:1299.47 A(2)(a).
17Appellants contend that this case is similar to the facts in Milbert v. Answering Bureau, Inc., 13-0022 (La.6/28/13), 120 So.3d 678, wherein the Louisiana Supreme Court held that the timely request for a medical review panel against the health care providers suspended prescription under La. R.S. 40:1299.47 A(2)(a) against all joint tortfeasors and solidary obligors, including Dexcomm, a non-qualified health care provider. Milbert, 120 So.3d at 689.
In Milbert, Daniel Milbert, was allegedly injured on September 7, 2008, by the negligence of several health care providers and Dexcomm, a physician telephone answering service. Id. at 680. Plaintiffs filed a timely PCF complaint on August 28, 2009, against the various health care providers. Id. On November 20, 2009, more than one year after the alleged negligence, the plaintiffs filed an amended PCF complaint adding Dexcomm as a defendant. Id. at 681. On December 7, 2009, the PCF notified plaintiffs that Dexcomm was not a qualified health care provider. Id. While the medical review panel request was still pending against the qualified health care *373 providers, plaintiffs filed suit in the district court on December 23, 2009, against Dex-comm. Id. The PCF rendered its decision on September 14, 2011, finding that the qualified health care providers were not negligent. Id. Plaintiffs filed a timely suit in the district court on December 14, 2011 against the health care providers, and moved to consolidate the two suits. Id.
In Milbert, Dexcomm filed a motion for summary judgment alleging that plaintiffs’ suit was prescribed because the plaintiff did not file the suit in the district court against Dexcomm until more than 15 months after the alleged act of negligence. Id. Plaintiff argued the timely filing of the medical review panel request against the health care providers continuously suspended prescription against the health care providers and all joint tortfeasors and solidary obligors, like Dexcomm, under the second sentence in La. R.S. 40:1299.47 A(2)(a). Id. The |RLouisiana Supreme Court explained the difference between the first and second sentences in La. R.S. 40:1299.47 A(2)(a):
The first sentence in La. R.S. 40:1299.47 A(2)(a) discusses the length of time prescription is suspended when a medical malpractice complaint is filed against health care providers seeking a determination from a medical review panel. The medical review panel initially decides whether the health care provider is qualified or not qualified under the MMA. Against a qualified health care provider, the filing of the request for review of a claim with a medical review panel suspends the time within which suit must be instituted until ninety days following notification of the opinion by the medical review panel. Against a health care provider who is not qualified under the MMA, the filing of the request for review of a claim with the medical review panel suspends the time within which suit must be instituted until ninety days following notification the health care provider is not covered by the MMA’s provisions.
The second sentence of La. R.S. 40:1299.47 A(2)(a), relied upon by the Milberts, gives guidance in the situation where there are claims against multiple tortfeasors, for which there may be different time limitations for filing suit. Where suit is filed against alleged joint and solidary obligors, or joint tortfea-sors, the legislature indicates its preference. in this second sentence for the same time limitation to be applied to all of the defendants. In that situation, the legislature provides that the filing of a request for review of a malpractice claim against the health care provider, qualified or not qualified, shall suspend the running of prescription for filing suit ‘to the same extent that prescription is suspended against the party or parties that are the subject of the request for review.’ Id. at 684-685.
The Supreme Court held, under the facts of this case, that a non-health care provider may be a joint tortfeasor with a health care provider against whom a medical malpractice complaint has been filed, such that the suspension of the time limitations for filing suit under La. R.S. 40:1299.47 A(2)(a) may apply to the filing of suit against the non-health care provider. Id. at 689.
Milbert is distinguishable from the facts in this case. First, in Milbert, the plaintiff did not initially file a complaint against the non-qualified health care provider, Dex-comm, within one year of the alleged incident. When the complaint was originally filed, Dexcomm was a non-named defendant who was added more than a year after the alleged incident. Second, in Mil-bert, the plaintiffs filed suit | flagainst Dex-comm in the district court within 90 days of the PCF’s decision that Dexcomm was *374 not a qualified health care provider. In the present case, appellee was initially named in the original complaint as a defendant, and appellants failed to file their claim against appellee in the district court within 90 days of notification from the PCF that appellee was not a qualified health care provider. The Milbert case is inapplicable to the facts of this case.
Based on the foregoing, appellants’ claim filed on February 20, 2014, is untimely because it was filed more than 90 days after appellants were notified that appellee was a non-qualified health care provider. The trial court did not err in sustaining appellee’s exception of prescription. Furthermore, appellants are not entitled to amend their petition. “If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed.” La. C.C.P. art. 934. Appellants conceded that their petition was filed beyond the 90 period after notification was provided by the PCF that appellee was a non-qualified health care provider, and thus the objection cannot be removed by amendment. Accordingly, the trial court’s judgment is affirmed, and all costs are assessed against the appellants.
AFFIRMED
LILJEBERG, J., dissents with reasons.

. It is undisputed that Dr. Parikh was Mrs. Reynolds’ treating physician. Ms. Pazos was Mrs. Reynolds’ nurse practitioner who, pursuant to a "collaborative practice agreement” between her and Dr. Parikh, treated Mrs. Reynolds as well.

. Appellants attached the complaint submitted to the PCF and the original and first supplemental and amending petition as exhibits to their opposition to appellee's exception of prescription, and the exhibits were accepted into evidence.