CHER DESI

VERSUS

THOMAS JEFFERSON CONSTRUCTION
CORPORATION, BEST WESTERN
INTERNATIONAL, INC., AND
STEPHANIE B. SELF

NO. 19-CA-502

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 769-945, DIVISION "P"
HONORABLE LEE V. FAULKNER, JR., JUDGE PRESIDING

October 05, 2020

**STEPHEN J. WINDHORST**
**JUDGE**

Panel composed of Judges Jude G. Gravois,
Stephen J. Windhorst, and Hans J. Liljeberg

<u>**AFFIRMED**</u>
   **SJW**
   **JGG**
   **HJL**

COUNSEL FOR PLAINTIFF/APPELLANT,
CHER DESI
    Robert B. Cueria
    George W. Byrne, Jr.
    Allison B. Scully

COUNSEL FOR DEFENDANT/APPELLEE,
VERSAILLES INTERIORS, INC.
    Jerry W. Sullivan

COUNSEL FOR DEFENDANT/APPELLEE,
MOHAWK CARPET DISTRIBUTION, INC.
    Luis A. Leitzelar
    Henry S. Rauschenberger

**WINDHORST, J.**

Plaintiff/appellant, Cheri Desi, seeks review of the trial court's July 29, 2019 judgment sustaining the exception of prescription filed by defendants/appellees, Mohawk Carpet Distribution, Inc. and Versailles Interiors, Inc., and dismissing her claims against them with prejudice. For the following reasons, we affirm the trial court's judgment.

**Facts and Procedural History**

This matter involves a claim for damages caused by a slip and fall incident on March 18, 2016 on the premises of Best Western Plus Westbank, while plaintiff, Cher Desi, was a guest at this hotel. As she was walking out of the hotel lobby, plaintiff allegedly slipped and fell on a slippery area of tile where the threshold covering the entrance to the hotel stopped. As a result, plaintiff allegedly suffered serious bodily injuries.

On March 14, 2017, plaintiff filed a Petition for Damages in this matter, naming as defendants Thomas Jefferson Construction Corporation, Best Western International, Inc., and Stephanie Self. On June 25, 2018, plaintiff took the corporate deposition of defendant, Thomas Jefferson Construction, during which plaintiff learned that Mohawk Industries, Inc. manufactured the subject tile, and that Versailles Interiors, Inc. selected and installed it. After discovering this information, on July 31, 2018, plaintiff amended her petition to include as named defendants, Mohawk Industries, Inc. and Versailles. Shortly thereafter, plaintiff amended her petition once again and substituted Mohawk Carpet Distribution, Inc. in place of Mohawk Industries, Inc.

Thereafter, on February 22, 2019, the trial court granted a Motion for Summary Judgment filed by defendants, Thomas Jefferson Construction, Best Western, and Stephanie Self, dismissing plaintiff's claims against them. In granting summary judgment, the trial court found that there was no evidence these original

defendants had either actual or constructive knowledge of the alleged defect in the walkway, and that plaintiff had more than adequate enough time to conduct discovery to develop evidence of actual or constructive knowledge.

On May 9, 2019, Mohawk filed a peremptory exception of prescription and motion for summary judgment. Mohawk asserted that plaintiff's claims against it prescribed before she named Mohawk as a defendant, and that the dismissal of the original defendants precluded plaintiff from claiming that prescription had been suspended by the timely filing of suit against solidary obligors. Mohawk also argued that the doctrine of *contra non valentem* was inapplicable because plaintiff failed to exercise reasonable diligence by not conducting timely discovery against the original defendants to discover her claim against Mohawk. Mohawk attached to its pleading a copy of each of plaintiff's petitions and the trial court's February 22, 2019 judgment and reasons for judgment for dismissing the original defendants from the lawsuit.

On May 22, 2019, Versailles filed a peremptory exception of prescription asserting the same arguments as Mohawk. Versailles attached each of plaintiff's petitions to its exception.

In her opposition, although plaintiff admitted that she filed her tort claims against Mohawk and Versailles after the initial one-year prescriptive period, she argued that the running of prescription on her claims was suspended under the doctrine of *contra non valentem*. Specifically, she asserted that the claims against defendants were not known and could not have reasonably been known by her until after the corporate deposition of Thomas Jefferson Construction. Plaintiff's attachments to her opposition included a copy of the original petition, plaintiff's deposition, Dawn Boteler's deposition (the owner of Thomas Jefferson Construction and the Best Western Plus Westbank), the second supplemental and amending petition, and the accident/incident report form. During her deposition, Ms. Boteler

revealed that Versailles selected and installed the tile and provided a copy of specifications sheet for the tile at issue. The specifications showed that Mohawk manufactured the tile.

After a hearing on July 29 2019, the trial court granted Mohawk and Versailles' exceptions of prescription and dismissed plaintiff's claims against them with prejudice. As a result, the trial court found that Mohawk's motion for summary judgment was moot. Plaintiff appealed.

**Law and Analysis**

Plaintiff asserts that the trial court erred in sustaining defendants' exceptions of prescription because the court should have applied the doctrine of *contra non valentem* to suspend the running of prescription of her claims.

### *Burden of Proof and Standard of Review*

Ordinarily, the burden of proving prescription lies with the party raising the exception, but when prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show that the action has not prescribed. Maestri v. Pazos, 15-9 (La. App. 5 Cir. 5/28/15), 171 So.3d 369, 371. Evidence may be introduced to support or controvert an exception of prescription. La. C.C.P. art. 931; In re Noe, 05-2275 (La. 5/22/07), 958 So.2d 617, 622. In the absence of evidence, a peremptory exception must be decided upon the facts alleged in the petition with all of the allegations accepted as true. Lomont v. Bennett, 14-2483 (La. 6/30/15), 172 So.3d 620, 627.

When no evidence is introduced at the hearing on the exception, the appellate court simply determines whether the trial court's finding was legally correct. In re Med. Review Panel of Gerard Lindquist, 18-444 (La. App. 5 Cir. 5/23/19), 274 So.3d 750, 754, writ denied, 19-01034 (La. 10/1/19), 280 So.3d 165. In a case involving no dispute regarding material facts, but only the determination of a legal issue, a

reviewing court must apply the *de novo* standard of review, under which the trial court's legal conclusions are not entitled to deference. Id.

When evidence is introduced at a trial on an exception of prescription, the trial court's findings of fact are reviewed under the manifest error standard. DeFelice v. Federated Nat'l Ins. Co., 18-374 (La. App. 5 Cir. 7/9/19), 279 So.3d 422, 426. "The standard of review of a trial court's finding of facts supporting prescription is that the appellate court should not disturb the finding of the trial court unless it is clearly wrong." Felix v. Safeway Ins. Co., 15-701 (La. App. 4 Cir. 12/16/15), 183 So.3d 627, 631. Evidence not properly offered and introduced cannot be considered, even if it was physically placed in the record. Denoux v. Vessel Mgmt. Services, Inc., 07-2143 (La. 5/21/08), 983 So.2d 84, 88. As in any other contradictory hearing which requires proof of facts, evidence considered to prove or disprove an exception of prescription must be formally introduced in the trial court. Documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal.[1]

The record shows that all the parties attached exhibits to their pleadings, but that only Mohawk's counsel offered the exhibits attached to the motion and exception into evidence. Although Mohawk filed both an exception of prescription *and* a motion for summary judgment based on prescription, Versailles filed only an exception of prescription, and the trial court ultimately ruled only on the exception of prescription, and found the motion for summary judgment to be moot. While the legislature has provided special rules addressing documents which may be considered on motions for summary judgment without formal introduction into evidence, no such rules exist for exceptions of prescription. La. C.C.P. art. 966.[2]

---

[1] This does not apply to motions for summary judgment under recent provisions of La. C.C.P. art. 966, as discussed hereafter. Further, summary judgment does not involve findings of fact, but rather, findings as to the existence of genuine issues of material fact, or the lack thereof.

[2] When ruling on a motion for summary judgment, the trial court may consider pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and

Because plaintiff did not offer her exhibits into evidence at the hearing in opposition to the exception of prescription, the trial court could not properly consider the documents attached to plaintiff's oppositions as it could have in a ruling on the motion for summary judgment under La. C.C.P. art. 966 A(4) and D(2).

Given that the exhibits attached to plaintiff's opposition to the exceptions of prescription were not introduced into evidence, those exhibits are not properly before this Court. We recognize, however, that Mohawk's summary judgment was also set for hearing at the exception of prescription hearing, and evidence at a summary judgment hearing would not have to be introduced to be properly considered by the trial court. Thus, although this Court cannot properly consider the evidence that was not introduced in opposition to the prescription exception, we nonetheless set forth reasons in our discussion below as to why, even considering the non-introduced exhibits, we conclude that the trial court did not err in granting defendants' exception of prescription.

### *Prescription*

Delictual actions are subject to a liberative prescriptive period of one year, which commences to run from the date the injury is sustained. La. C.C. art. 3492. Under La. C.C. art. 3462, prescription is interrupted by the commencement of suit against the obligor in a court of competent jurisdiction and venue. The interruption of prescription by suit against one solidary obligor is effective as to all solidary obligors. La. C.C. arts. 1799 and 3503. However, a suit timely filed against one defendant does not interrupt prescription as against other defendants not timely sued, where the timely sued defendant is ultimately found not liable to plaintiffs, since no joint or solidary obligation would exist. Spott v. Otis Elevator Co., 601 So.2d 1355

---

FN 2 cont. . . .
admissions on file presented by the parties in support of or in opposition to the motion; and those specifically enumerated documents need not be formally introduced into evidence at hearing if they are already "on file" or physically placed into the record prior to the hearing on the motion. Sheffie v. Wal-Mart Louisiana, LLC, 11-1038 (La. App. 5 Cir. 5/31/12), 92 So.3d 625, 629.

(La. 1992); <u>Ferrara v. Starmed Staffing, LP</u>, 10-589 (La. App. 4 Cir. 10/6/10), 50 So.3d 861, 866, <u>writ denied sub nom.</u> <u>Ferrara v. Starmed Staffing, LP.</u>, 10-2484 (La. 2/4/11), 57 So.3d 311.

Although plaintiff initially filed suit within one year of the date of the alleged incident, all the defendants named in the original petition were dismissed. Consequently, there is no joint or solidary liability among the original defendants and Mohawk or Versailles. Thus, the filing of the original petition did not interrupt prescription against Mohawk or Versailles. The amended petition naming Mohawk and Versailles was filed on July 31, 2018, more than one year from the incident alleged to have occurred on March 18, 2016. Therefore, plaintiff's claims against Mohawk and Versailles are prescribed unless prescription was interrupted or suspended.

Contending that prescription was suspended, plaintiff argues the doctrine of *contra non valentem*.

### *Contra Non Valentem*

Louisiana jurisprudence has long recognized the doctrine of *contra non valentem* as a means of suspending the running of prescription. <u>Wells v. Zadeck</u>, 11-1232 (La. 3/30/12), 89 So.3d 1145, 1150. *Contra non valentem non currit praescriptio* means that prescription does not run against a person who could not bring his suit. <u>Id</u>, citing <u>Harvey v. Dixie Graphics, Inc.</u>, 593 So.2d 351, 354 (La. 1992). The Louisiana Supreme Court has recognized four circumstances in which *contra non valentem* prevents the running of prescription: 1) where there is some legal cause which prevented the court or its officers from taking cognizance of and acting on the plaintiff's actions; or 2) where there is some condition coupled with the contract or coupled with the proceedings which prevented the plaintiff from suing or acting; or 3) where the defendant has done some act effectually to prevent the plaintiff from availing himself of his cause of action; or 4) where the cause of

action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant. Lomont, 172 So.3d at 637.

Plaintiff relies on the fourth category of *contra non valentem*, asserting that her claims against Mohawk and Versailles were not known or could not have reasonably been known to her until after the deposition of Thomas Jefferson Construction. While the *contra non valentem* "discovery rule" is only to be applied in extreme circumstances, and prescriptive statutes are to be interpreted broadly in favor of maintaining a party's claim, the substantive analysis is the same under both La. C.C. art. 3493 and the discovery rule of *contra non valentem*. Marin v. Exxon Mobil Corp., 09-2368 (La. 10/19/10), 48 So.3d 234, 245. When this jurisprudential doctrine was first recognized, the Louisiana Supreme Court explained that this principle will not exempt a plaintiff's claim from the running of prescription if his ignorance is attributable to his own willfulness or neglect. A plaintiff will be deemed to know what he could by reasonable diligence have learned. Id. at 245-46.

Analyzing this petition on its face, plaintiff fails to set forth facts sufficient to allege that her claims against Mohawk and Versailles were unknown and were not reasonably knowable. In fact, no facts are alleged in the petition which tend to show that the claims against Mohawk or Versailles were not discoverable through the exercise of due diligence. Therefore, on the face of the petition, plaintiff has failed to successfully allege sufficient facts for the doctrine of *contra non valentem* to apply in this case. Furthermore, even if plaintiff's exhibits had been formally introduced into evidence, the exhibits upon which plaintiff relies do not support plaintiff's assertion that she could not have discovered these claims earlier than the relevant corporate deposition through the exercise of due diligence.

Plaintiff primarily relies on the Louisiana Fourth Circuit Court of Appeal's decision in Ferrara v. Starmed Staffing, LP., 10-589 (La. App. 4 Cir. 10/06/10), 50 So.3d 861. In Ferrara, plaintiff allegedly suffered injury while at Tulane University

Medical Center, and as a result, sued Tulane and "Nurse Jane Doe" (the alleged tortfeasor). In responses to a petition for discovery, the plaintiff learned well after the original prescriptive period had passed that the alleged tortfeasor was, in fact, actually employed by a third-party nursing agency. Id. Tulane, the originally named defendant, identified these third parties in its discovery responses after prescription had run. Id. Soon after learning this new information, plaintiff filed suit against the newly identified third parties. Although the trial court sustained exceptions of prescription filed by those defendants, on appeal, the Fourth Circuit reversed based on its finding "that the plaintiff could not reasonably have identified these third parties until Tulane responded to the plaintiff's discovery requests and furnished their identities." Ferrara, 50 So.3d at 867.

We find that the facts of Ferrara and the applicable law therein are distinguishable from the present case. In Ferrara, the plaintiff had diligently filed a petition for discovery in order to learn the identity of the unknown defendant, "Nurse Jane Doe,"[3] soon after filing her medical malpractice complaint, and had amended the malpractice complaint two months later to correctly name the third party defendant. The court found that *contra non valentem* applied under those facts.

Plaintiff here did not commence discovery until fifteen months after filing suit. We agree with Mohawk and Versailles that this Court's decision in Hull v. Jefferson Par. Hosp. Dist. #1 d/b/a West Jefferson Med. Ctr., 16-483 (La. App. 5 Cir. 4/26/17), —So.3d —, 2017 WL 11550584 is more applicable to this case.

In Hull, the plaintiff similarly failed to file suit timely against defendants who were added over a year after the alleged accident. Id. Though the plaintiff timely filed suit against West Jefferson Medical Center ("WJMC"), the hospital was dismissed on summary judgment. Id. Plaintiff amended his petition over two years

---

[3] Use of a fictitious name for an unknown tortfeasor does not interrupt prescription, and played no part in the court's decision.

after his accident at WJMC, to name RehabCare Group Management Services, Inc. as an independent contractor providing physical therapy services.  Id.  The trial court sustained RehabCare's exception of prescription, and the plaintiff again appealed.

This Court affirmed the trial court's grant of RehabCare's exception of prescription, finding that the plaintiff failed to timely file suit against RehabCare because WJMC, who had been timely sued, was dismissed.  Id.  As in the present case, because WJMC was neither a joint nor solidary obligor, the suit filed timely against WJMC did not serve to interrupt prescription as to RehabCare.  This Court also refused to allow the plaintiff in Hull to rely on *contra non valentem* to suspend the running of prescription, finding that the plaintiff did not demonstrate reasonable and diligent efforts to obtain any discovery regarding the physical therapist's status as an employee.  Id.

In this case, to establish that her claim was suspended by *contra non valentem*, plaintiff has made only conclusory allegations that her claims against Mohawk and Versailles were unknown and could not have reasonably been known until after she took Thomas Jefferson Construction's corporate deposition.  Plaintiff presented no evidence demonstrating reasonable and diligent efforts to obtain discovery from the original defendants before this deposition.  The record reflects that plaintiff took more than fifteen months to conduct discovery regarding the name of the manufacturer and installer of the tile at issue.  While there is no bright line rule as to when a plaintiff must commence discovery, here we simply do not believe that waiting fifteen months (a period longer than the prescriptive period) to begin investigating a claim constitutes reasonable diligence in discovering the extent of plaintiff's claim against other parties.  Mohawk and Versailles cannot be held responsible for the action or inaction of the plaintiff in requesting or obtaining discovery from the original defendants in an attempt to reasonably and diligently

investigate her claim.  Accordingly, even considering the plaintiff's exhibits which were not properly introduced into evidence, plaintiff failed to sustain her burden.

**Decree**

For the reasons stated above, we affirm the trial court's judgment granting Mohawk and Versailles' exception of prescription and dismissing plaintiff's claims against them with prejudice.

<u>**AFFIRMED**</u>

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**OCTOBER 5, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 19-CA-502

### E-NOTIFIED

24TH JUDICIAL DISTRICT COURT (CLERK)
HON. LEE V. FAULKNER, JR. (DISTRICT JUDGE)
ROBERT B. CUERIA (APPELLANT)          JERRY W. SULLIVAN (APPELLEE)          LUIS A. LEITZELAR (APPELLEE)

### MAILED

ALLISON B. SCULLY (APPELLANT)
ATTORNEY AT LAW
12 ALDEN LANE
MOUNTAIN BROOK, AL 35213

HENRY S. RAUSCHENBERGER (APPELLEE)
ATTORNEY AT LAW
445 NORTH BOULEVARD
SUITE 800
BATON ROUGE, LA 70802

GEORGE W. BYRNE, JR. (APPELLANT)
ATTORNEY AT LAW
700 CAMP STREET
SUITE 316
NEW ORLEANS, LA 70130